Jerry Donald LONG, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

Nos. A–14756–A–14758.

Court of Criminal Appeals of Oklahoma.

July 31, 1968.

H. G. Tolbert, Watonga, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION AND ORDER

BUSSEY, Judge.

Jerry Donald Long, hereinafter referred to as Petitioner, filed an application for habeas corpus (No. A–14,629) seeking his release from confinement in the State Penitentiary where he is currently incarcerated by virtue of three judgments and sentences rendered against him in the District Court of Blaine County on his pleas of guilty. Said petitioner plead guilty to the crime of Assault With Intent to Kill, District Court Case No. 2170; Assault With a Deadly Weapon, District Court Case No. 2171; and Burglary, District Court Case No. 2172; was sentenced to serve seven years in the State Penitentiary on each charge; said sentences to be served concurrently.

The Habeas Corpus proceeding (No. A–14,629) was thereafter dismissed by order of this Court for the reason that three post conviction appeals from the judgments and sentences rendered in the District Court of Blaine County, were filed in this Court, since the same issue presented in the Habeas Corpus was raised in the post conviction appeals. Thereafter, petitioner filed with this Court an application wherein he seeks reinstatement of the original Habeas Corpus proceeding, and further alleging that the post conviction appeals were perfected without his knowledge or consent. The Attorney General has filed a Motion to Dismiss in the post conviction appeals in the Court of Criminal Appeals cases no. A–14756, A–14757, and A–14758, and in a Supplemental Response to the original Habeas Corpus Proceeding, No. A–14629, the Attorney General does not resist re-instatement of the habeas corpus proceeding.

In view of the pleadings filed in this Court, and it appearing to the Court that the issues determinative of the validity of the respective judgments and sentences rendered by the District Court of Blaine County can be raised either by post conviction appeal or by habeas corpus, we are, therefore, consolidating cases no. A–14756, A–14757 and A–14758, and treating them as an application for habeas corpus.

From an examination of the pleadings, exhibits, briefs and the records before us, we are of the opinion that at the time of the entry of petitioner's pleas of guilty in Blaine County District Court cases no. 2170, 2171 and 2172, he had been advised that he would be entitled to credits against said judgments and sentences for time spent in the hospital and additional time while in the custody of the Blaine County authorities.

Moreover, it does not appear that petitioner had been apprised that he would not be entitled to such credits if he had ever previously been convicted of a felony. The Blaine County authorities recommended that the petitioner be credited with the hospital and jail time, but in view of his former conviction, such credits could not be granted by the penal authorities.

It is thus abundantly clear that the petitioner labored under the assumption that he would receive such credits and this influenced him to enter pleas of guilty in cases no. 2170, 2171 and 2172.

We are of the opinion, and therefore hold, that the judgments and sentences rendered in the District Court of Blaine County cases no. 2170, 2171 and 2172, be, and the same are hereby vacated. Petitioner is not entitled to his request for writ of prohibition against further prosecution in cases no. 2170, 2171 and 2172, but is only entitled to be returned to said county for new trials.

It is therefore the order of this court that petitioner be delivered to the Sheriff of Blaine County, who shall return him to the District Court of Blaine County for new trials in District Court Cases no. 2170, 2171 and 2172.

NIX, P. J., and BRETT, J., concur.